2440
5:19-CV-2440

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEVIN BROWN AND ERIKA BROWN, h/w

**DEFENDANTS**
COMBE, INCORPORATED, and RITE AID CORPORATION and RITE AID OF PENNSYLVANIA, INC., et al

**(b)** County of Residence of First Listed Plaintiff    Fulton Cty., GA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Westchester Cty., NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael S. Katz, Esquire
Lopez, McHugh, LLP
214 Flynn Avenue, Moorestown, NJ 08057, Tel. (856) 273-8500

Attorneys *(If Known)*
Susan M. Valinis, Esquire
One South Penn Square, Ste. 410
Philadelphia, PA 19107 Tel. 215-972-5200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 FR 701.3; 28 USC, Sections 1331, 1441 and 1446
Brief description of cause:
Personal Injury Case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE    Cynthia Rufe
DOCKET NUMBER    2:18-CV-04096 CMR

DATE    06/05/2019
SIGNATURE OF ATTORNEY OF RECORD    *Susan Valinis*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JUN - 5 2019

2440
5:19cv2440

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _4300 Flat Shoals Road, Apt. 110, Union City, GA 30291_

Address of Defendant: _1101 Westchester Avenue, White Plains, NY 10604_

Place of Accident, Incident or Transaction: _Reading and Philadelphia areas of PA_

---

**RELATED CASE, IF ANY:**

Case Number: _2:18-CV-04096 CMR_    Judge: _Cynthia Rufe_    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | Yes | No |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | ☑ | ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | ☐ | ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | ☐ | ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _06/05/2019_    _[signature] Susan Valinis_    _86685_
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
        *(Please specify):* _FDA REGULATIONS_

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Susan M. Valinis, Esquire_, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _06/05/2019_    _[signature] Susan Valinis_    _86685_
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

                                        JUN - 5 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNYSLVANIA

## CASE MANAGEMENT TRACK DEISGINATION FORM

| | |
|---|---|
| **KEVIN BROWN AND ERIKA BROWN**<br>vs.<br><br>**RITE AID CORPORATION and RITE AID OF PENNSYLVANIA, INC.**<br>vs.<br><br>**HOYU AMERICA CO. and COMBE INCORPORATED and SALLY BEAUTY HOLDINGS, INC.** | **CIVIL ACTION**<br><br>NO. 5:19cv 2440 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 6/5/19 | *Susie Valinis* | *Combe, Incorporated* |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 972-5200 | 215 972-0405 | SValinis@rmh-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN -5 2019



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN BROWN AND ERIKA BROWN | : | |
| vs. | : | **CIVIL ACTION** *2440* |
| | : | *5:19cv 2240* |
| RITE AID CORPORATION and RITE AID OF PENNSYLVANIA, INC., | : | |
| | : | **NO. _____** |
| vs. | : | |
| HOYU AMERICA CO., LTD and COMBE INCORPORATED and SALLY BEAUTY COMPANY, INC. | : | |
| | : | |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that Third-Party Defendant Combe Inc. (hereinafter "Combe"), by its counsel, Reilly, McDevitt & Henrich, P.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes to the United States District Court for the Eastern District of Pennsylvania the case captioned as Kevin and Erika Brown v. Rite Aid Corporation and Rite Aid of Pennsylvania, Inc. v. Hoyu America Co., Combe Incorporated and Salyl Beauty Holdings, Inc., No. 02874, October Term, 2018, originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, on the grounds set forth below. This Court has original federal question jurisdiction under 28 U.S.C. 1331 as substantial federal questions are presented. Further, this court has supplemental jurisdiction, under 28 U.S.C. § 1367(a), over any claims over which it does not have original federal question jurisdiction, because they form part of the same case or controversy as those claims over which the court has original jurisdiction. As this Court has

original federal question jurisdiction under 28 U.S.C. § 1331, the action is removable under 28 U.S.C. § 1441(a). In support of removal, Combe states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.    Plaintiffs, Kevin and Erika Brown (hereinafter ("Plaintiffs") commenced this action in the Philadelphia Court of Common Pleas on October 22, 2018 by way of a Complaint in which Plaintiff asserts claims for personal injuries against Rite Aid Corporate and Rite Aid of Pennsylvania, Inc. (collectively the "Rite Aid Defendants"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.    Specifically, Plaintiff Kevin Brown alleges that occupational exposure as a barber to hair dyes supplied by the Rite Aid Defendants caused his bladder cancer. See, Exhibit A.

3.    The Rite Aid Defendants filed a Joinder Complaint against Hoyu America Co. ("Hoyu"), Combe Incorporated, and Sally Beauty Holdings, Inc. ("Sally Beauty") on December 20, 2018 alleging that the third-party defendants manufactured and/or supplied the hair dyes at issue. A true and correct copy of the Joinder Complaint is attached hereto as Exhibit B.

4.    Amended pleadings were ultimately filed by both Plaintiffs and the Rite Aid Defendants as Third-Party Plaintiffs.

5.    Although the Complaint and Joinder Complaint purport to plead only state common law claims, discovery propounded related to those claims raises substantial federal questions over which this Court has original jurisdiction.

6.    On May 6, 2019, Plaintiffs served Combe with discovery requests, including interrogatories (the "interrogatories"). A true and correct copy of the interrogatory requests is attached hereto as Exhibit C.

7.    The interrogatories directed to Combe contain the following request:

**INTERROGATORY NO. 9.** List each chemical constituent by year or formulation, **whether an intended ingredient or not**, contained in Just For Men – Jet Black hair dyes for the years 1994 to 2008.

8.    The discovery request seeks information in contravention of and exceeding the scope of the federal regulations of the Food and Drug Administration ("FDA"). 28 USC 1446 (b)(3).

9.    28 USC 1446 (b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable.

See, 28 USC 1446 (b)(3) (emphasis added).

10.    Although the Third Circuit Court of Appeals has not specifically defined "other paper," district courts in the Third Circuit have given the term an 'embracive construction' to include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts. Boggs v. Harris, 226 F. Supp. 3d 475, 489 (W.D. Pa. 2016) (internal quotations omitted).

11.    Here, Plaintiff's interrogatory address triggered removal under 28 USC 1446 and the Notice of Removal was filed within thirty (30) days of receiving the interrogatory requests.

12.    This Court also has original federal question jurisdiction because the discovery that contravenes that exceeds the scope and/or should be preempted by federal law.

## SUBSTANTIVE REQUIREMENTS FOR REMOVAL

13.    This action is removable to federal court under 28 U.S.C. § 1441(a), because this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

14. The Court has original federal question jurisdiction because the discovery presents substantial federal questions as well as claims that are completely preempted by federal law.

15. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

16. Under the "substantial federal question" doctrine, federal question jurisdiction exists when a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). See also, Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 779 (8th Cir. 2009) (district courts have jurisdiction under 28 U.S.C. §1331 where "(1) the right to relief under state law depends on the resolution of a substantial, disputed federal question, and (2) the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress").

17. "If even one claim in the complaint involves a substantial federal question, the entire matter may be removed." Pet Quarters, Inc., 559 F.3d at 779 citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003).

18. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## A. PLAINTIFFS' SEEK DISCOVERY IN CONTRAVENTION OF AND EXCEEDING THE SCOPE OF THE FDA REGULATIONS

19.    21 CFR 701 is the federal statue by the FDA that regulates cosmetic labeling, including hair dyes.

20.    As it pertains to ingredient labels, the statute states in relevant part:

(l)The provisions of this section **do not require the declaration of incidental ingredients** that are present in a cosmetic at insignificant levels and that have no technical or functional effect in the cosmetic. For the purpose of this paragraph, incidental ingredients are:

(1)Substances that have no technical or functional effect in the cosmetic but are present by reason of having been incorporated into the cosmetic as an ingredient of another cosmetic ingredient.

(2)Processing aids, which are as follows:

(i)Substances that are added to a cosmetic during the processing of such cosmetic but are removed from the cosmetic in accordance with good manufacturing practices before it is packaged in its finished form.

(ii)Substances that are added to a cosmetic during processing for their technical or functional effect in the processing, are converted to substances the same as constituents of declared ingredients, and do not significantly increase the concentration of those constituents.

(iii)Substances that are added to a cosmetic during the processing of such cosmetic for their technical and functional effect in the processing but are present in the finished cosmetic at insignificant levels and do not have any technical or functional effect in that cosmetic.

See, 21 CRF 701.3(l) (emphasis added).

21.    The interrogatories directed to Combe contain the following request:

**INTERROGATORY NO. 9.** List each chemical constituent by year or formulation, **whether an intended ingredient or not,** contained in Just For Men – Jet Black hair dyes for the years 1994 to 2008.

See, Exhibit C, emphasis added.

22.    This discovery request seeks information in contravention of and exceeding the scope of FDA regulations as it requests incidental ingredients for the subject formula, which is specifically not required by the FDA.

23.     A copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being contemporaneously filed in the Philadelphia Court of Common Pleas state court action.

24.     Therefore, Combe has satisfied all procedural requirements for removal of this action.

25.     By filing this Notice of Removal, Combe does not waive any defenses or rights.

REILLY MCDEVITT & HENRICH, P.C.

By: _____

Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rmh-law.com
Molly C. Reilly, Esquire
Identification No. 313713
mreilly@rmh-law.com
Reilly, McDevitt & Henrich, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA  19107
Tel.: (215) 972-5200
Attorneys for Defendant, Combe Inc.

Dated:  June 5, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BROWN AND ERIKA BROWN | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION** |
| | : | |
| RITE AID CORPORATION and RITE AID OF PENNSYLVANIA, INC., | : | |
| | : | **NO. _____** |
| **vs.** | : | |
| | : | |
| HOYU AMERICA CO., LTD and COMBE INCORPORATED and SALLY BEAUTY COMPANY, INC. | : | |
| | : | |
| | : | |

## CERTIFICATE OF NOTICE OF FILING

The undersigned attorneys of record for Third-Party Defendant Combe Inc. certifies that on the date below, a copy of the Notice of Removal of this action was filed with the Clerk of the United States District Court of Pennsylvania, Eastern District, and that written notice of filing of the Notice of Removal was served to the parties named above in this action or to their attorneys of record. Attached to the notices were copies of the Notice of removal. Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1442(a)(1) and 1446.

REILLY MCDEVITT & HENRICH, P.C.

By: _____

Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rmh-law.com
Molly C. Reilly, Esquire
Identification No. 313713
mreilly@rmh-law.com
Reilly, McDevitt & Henrich, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA 19107

Tel.: (215) 972-5200
Attorneys for Defendant, Combe Inc.

Dated: June 5, 2019

## CERTIFICATE OF SERVICE

I, Susan M. Valinis, hereby certify that on June 5, 2019, a true and correct copy of the foregoing Notice of Removal has been served via the court's electronic filing system upon the following counsel of record:

**Plaintiffs' Counsel**
Michael S. Katz, Esquire
Lopez, McHugh, LLP
214 Flynn Avenue
Moorestown, NJ 08057
medmal@lopezmchugh.com

**Pro Hac Counsel for Plaintiffs**
Scott R. Frieling, Esquire
Lee Lesher, Esquire
**ALLEN STEWART P.C.**
325 N. St. Paul Street, Suite 4000
Dallas, TX 75201
sfrieling@allenstewart.com
llesher@allenstewart.com

**Attorney for RITE AID CORPORATION and RITE AID OF PENNSYLVANIA, INC.**
Gregory J. Mann, Esquire
Donnelly & Associates, P.C.
1787 Sentry Parkway West
VEVA 16, Suite 210
Blue Bell, PA 19422
gmann@donnellyandassociates.com

**Attorneys for HOYU AMERICA CO.**
Jonathan Dryer, Esquire
Wilson Elser
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia Pa 19103
Jonathan.Dryer@Wilsonelser.Com

**REILLY MCDEVITT & HENRICH, P.C.**

By: _Susie Valinis_

Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rmh-law.com
Molly C. Reilly, Esquire

Identification No. 313713
mreilly@rmh-law.com
Reilly, McDevitt & Henrich, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA  19107
Tel.: (215) 972-5200
Attorneys for Defendant, Combe Inc.

REILLY, MCDEVITT, HENRICH, P.C.                    **ATTORNEYS FOR DEFENDANT,**
BY:  SUSAN M. VALINIS, ESQUIRE                         **COMBE INCORPORATED**
        IDENTIFICATION NO. 86685
        SVALINIS@RMH-LAW.COM
BY:  MOLLY C. REILLY, ESQUIRE
        IDENTIFICATION NO. 313713
        MREILLY@RMH-LAW.COM
SUITE 410
ONE SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA  19107
(215) 972-5200

KEVIN BROWN AND ERIKA BROWN                       **PHILADELPHIA COUNTY**
                                                                   **COURT OF COMMON PLEAS**
                    vs.

RITE AID CORPORATION AND RITE AID OF              **OCTOBER TERM, 2018**
PENNSYLVANIA, INC.,                                              **NO. 2874**

                    vs.

HOYU AMERICA CO., COMBE
INCORPORATED AND SALLY BEAUTY
HOLDINGS, INC.

## PRAECIPE TO FILE NOTICE OF REMOVAL

**TO THE PROTHONOTARY:**

     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Third-

Party Defendant Combe Inc., has on June 5, 2019 filed their Notice of Removal, a copy of which

is attached hereto, in the office of the Clerk, United States District Court for the Eastern District

of Pennsylvania, Room 2609, U.S. Courthouse, 601 Market Street, Philadelphia, 19106.

          **REILLY MCDEVITT & HENRICH, P.C.**

         By:  */s/ Molly C. Reilly*_____
            Susan M. Valinis, Esquire
            Molly C. Reilly, Esquire
            Attorney for Defendant, Combe Inc.

Date: June 5, 2019

## CERTIFICATE OF SERVICE

I, Molly C. Reilly, hereby certify that on June 5, 2019, a true and correct copy of the foregoing Notice of Filing of Removal on behalf of Defendant, Combe Inc. was served upon the following via First-Class Mail, e-mail, and/or the court's electronic filing system:

**Plaintiffs' Counsel**
Michael S. Katz, Esquire
Lopez, McHugh, LLP
214 Flynn Avenue
Moorestown, NJ 08057
medmal@lopezmchugh.com

**Pro Hac Counsel for Plaintiffs**
Scott R. Frieling, Esquire
Lee Lesher, Esquire
**ALLEN STEWART P.C.**
325 N. St. Paul Street, Suite 4000
Dallas, TX 75201
sfrieling@allenstewart.com
llesher@allenstewart.com

**Attorney for RITE AID CORPORATION and RITE AID OF PENNSYLVANIA, INC.**
Gregory J. Mann, Esquire
Donnelly & Associates, P.C.
1787 Sentry Parkway West
VEVA 16, Suite 210
Blue Bell, PA 19422
gmann@donnellyandassociates.com

**Attorneys for HOYU AMERICA CO.**
Jonathan Dryer, Esquire
Wilson Elser
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia Pa 19103
Jonathan.Dryer@Wilsonelser.Com

**REILLY MCDEVITT & HENRICH, P.C.**

By: _/s/ Molly C. Reilly_____
    Susan Valinis, Esquire
    Molly C. Reilly, Esquire
    Attorney for Defendant, Combe Inc.

# Exhibit A

LOPEZ MCHUGH, LLP
BY:    Michael S. Katz    ID. 76119
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 – Fax
*Attorneys for Plaintiffs*

Filed and Attested by the
Office of Judicial Records
22 OCT 2018 10:58 am
M. BRYANT

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY

| | | |
|---|---|---|
| **KEVIN BROWN** | § | |
| **4300 Flat Shoals Road** | § | |
| **Union City, GA 30291** | § | **OCTOBER TERM 2018** |
| and | § | |
| **ERIKA BROWN** | § | |
| **4300 Flat Shoals Road** | § | **NO. _____** |
| **Union City, GA 30291** | § | |
| | § | |
| **Plaintiffs** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **RITE AID CORPORATION** | § | |
| **30 Hunter Lane** | § | |
| **Camp Hill, PA 17011** | § | |
| and | § | |
| **RITE AID OF PENNSYLVANIA, INC.** | § | |
| **30 Hunter Lane** | § | |
| **Camp Hill, PA 17011** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE TO PLEAD

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de lan demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted

PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. **PHILADELPHIA COUNTY BAR ASSOCIATION** LAWYER REFERRAL AND INFORMATION SERVICE 1101 MARKET STREET, 11th FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEPHONE: (215) 238-1701

puede perder dinero o sus propiendandes u otros derechos importantes para uted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIOI, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. **ASOCIACION DE LICENCIADOR DE PHILADELPHIA** VICIO DE REFERENCIA DE INFORMACION LEGAL 1101 MARKET STREET, 11th FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEFONO: (215) 238-1701

Case ID: 181002874

LOPEZ MCHUGH, LLP
BY:    Michael S. Katz        ID. 76119
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 – Fax
*Attorneys for Plaintiffs*

---

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY

| | |
|---|---|
| **KEVIN BROWN** § | |
| **4300 Flat Shoals Road** § | |
| **Union City, GA 30291** § | **OCTOBER TERM 2018** |
| **and** § | |
| **ERIKA BROWN** § | |
| **4300 Flat Shoals Road** § | **NO.** _____ |
| **Union City, GA 30291** § | |
| § | |
| **Plaintiffs** § | **JURY TRIAL DEMANDED** |
| § | |
| **v.** § | |
| § | |
| **RITE AID CORPORATION** § | |
| **30 Hunter Lane** § | |
| **Camp Hill, PA 17011** § | |
| **and** § | |
| **RITE AID OF PENNSYLVANIA, INC.** § | |
| **30 Hunter Lane** § | |
| **Camp Hill, PA 17011** § | |
| § | |
| **Defendants.** § | |

---

## PLAINTIFFS' COMPLAINT

COMES NOW KEVIN BROWN and ERIKA BROWN ("Plaintiffs") by and through their attorneys and hereby allege against the Defendants, and each of them, as follows:

## I.   INTRODUCTION

1.      This is an action for personal injuries and damages sustained by Plaintiff KEVIN BROWN, and loss of consortium damages sustained by his wife ERIKA BROWN as a result of

KEVIN BROWN's exposure to products containing aromatic amines that were packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the stream of commerce by the Defendants named herein.

## II.  THE PARTIES

2.      Plaintiff KEVIN BROWN is a citizen and resident of Georgia, residing therein at 4300 Flat Shoals Rd., Apt. 110, Union City, Georgia 30291.

3.      Plaintiff ERIKA BROWN, the spouse of KEVIN BROWN, is a citizen and resident of Georgia, residing therein at 4300 Flat Shoals Rd., Apt. 110, Union City, Georgia 30291.

4.      Defendant RITE AID CORPORATION ("RITE AID") is a Delaware corporation with its corporate headquarters and principal place of business in Camp Hill, Pennsylvania. Defendant RITE AID may be served with process by serving its registered agent at CT Corporation System CUMBERLAND, 600 North 2nd Street, Suite 401, Dauphin County, Harrisburg, Pennsylvania 17101-1071.

5.      Defendant RITE AID PENNSYLVANIA, INC. ("RITE AID PA") is a Pennsylvania corporation with this corporate headquarters and principal place of business in Camp Hill, Pennsylvania.  Defendant RITE AID PA may be served with process by serving its registered agent at CT Corporation System CUMBERLAND, 600 North 2nd Street, Suite 201, Dauphin County, Harrisburg, Pennsylvania 17101-1071.

## III.  JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in Philadelphia County because one or more of the Defendants regularly conducts business in the Commonwealth of Pennsylvania, and the acts and omissions that give rise to this lawsuit occurred in Philadelphia County.

7.    THIS CAUSE IS NOT REMOVABLE.  Although there is diversity of citizenship among the parties, Defendants RITE AID and RITE AID PA are citizens of the State of Pennsylvania for purposes of federal diversity jurisdiction and removal statutes.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...").  Because at least one Defendant is a resident of Pennsylvania, where this action is filed, Defendants cannot remove this action on the basis of diversity.  28 U.S.C. § 1441(b).

## IV.  FACTS

8.    From approximately 1994 to 2008, Plaintiff KEVIN BROWN worked as a barber in the Reading and Philadelphia areas of Pennsylvania.

9.    As a barber, Plaintiff KEVIN BROWN cut, sculpted and dyed his clients' hair.  In connection with this work, Plaintiff KEVIN BROWN used, handled and applied various hair dyes.

10.    Upon information and belief, the hair dye products Plaintiff KEVIN BROWN used, handled, applied, and was otherwise exposed to, contained aromatic amines, including but not limited to, the chemical 4-aminobiphenyl ("4-ABP"), a known human bladder carcinogen.

11.    The hair dyes containing aromatic amines, including 4-ABP, used by Plaintiff KEVIN BROWN were packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the stream of commerce by the Defendants.

12.    Plaintiff KEVIN BROWN's exposure to the products packaged, marketed, supplied, sold, distributed, advertised or otherwise put into the stream of commerce by Defendants was by inhalation and dermal absorption.

13.    In 2016, Plaintiff KEVIN BROWN was diagnosed with bladder cancer at the age of 57. Plaintiff KEVIN BROWN used, handled, applied or was otherwise exposed to aromatic amines, including 4-ABP, containing products packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the steam of commerce by the Defendants. As a result of the conduct of the Defendants, as alleged below, Plaintiff KEVIN BROWN's exposure to Defendants' products caused Plaintiff KEVIN BROWN to suffer serious, permanent, and life-threatening injuries.

### V.    DISCOVERY RULE

14.    Plaintiffs hereby plead and invoke the "discovery rule." Plaintiffs will show that after reasonably exercising due diligence, they did not learn the nature of the cause of Plaintiff KEVIN BROWN's cancer, or that such cancer was related to his exposures from products Defendants packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the stream of commerce, until less than two years prior to the filing of the Plaintiffs' causes of action stated herein.

### COUNT ONE – NEGLIGENCE

15.    Plaintiffs, by reference, incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

16.    At all times herein mentioned, Defendants were and are engaged in the business of packaging, marketing, suppling, selling, distributing, advertising and/or otherwise putting into the stream of commerce products used in the barber and hairdressing industry.

17.    Defendants owed to Plaintiff KEVIN BROWN and other users a duty to act reasonably and to exercise ordinary care in pursuit of the activities mentioned above, and Defendants breached that duty of due care.

18. Defendants owed to Plaintiff KEVIN BROWN and other users a duty to provide accurate, reliable, and completely truthful information regarding the nature of the toxic chemicals contained in their products and to provide accurate, reliable, and completely truthful information regarding the dangers associated with exposure to their products.

19. Defendants owed to Plaintiff KEVIN BROWN and other users a duty to test their products to determine the level of carcinogens contained therein before placing the products into the stream of commerce.

20. Defendants knew, or through the exercise of reasonable care and skill should have known, that aromatic amines, including 4-ABP, was in their products, whether intended or as a contaminant.

21. Defendants further knew or through the exercise of reasonable care and skill should have known, that through the foreseeable use and/or handling of their products, users such as Plaintiff KEVIN BROWN would be exposed to carcinogens present in the products or released during use of the products through dermal absorption and inhalation. Defendants knew, or through the exercise of reasonable care and skill should have known, that such exposures would cause serious and life-threatening health effects including cancer and death.

22. Defendants did carelessly and negligently package, market, supply, sell, distribute, and advertise their products to the public and to users such as Plaintiff KEVIN BROWN. Defendants breached their duty of care to Plaintiff KEVIN BROWN and were negligent in the following ways:

(a) Defendants failed to test their products to determine the types and levels of chemicals and carcinogens contained in their products before selling and distributing them.

(b)     Defendants failed to provide sufficient health and safety warnings concerning the risk of cancer and death resulting from exposure to Defendants' products.

(c)     Defendants failed to take reasonable care to warn users including Plaintiff KEVIN BROWN of the risk of bystander exposure resulting from use of Defendants' products.

(d)     Defendants failed to disclose information to users such as Plaintiff KEVIN BROWN concerning the exact chemical constituents of their products and whether such constituents were carcinogenic.

(e)     Defendants failed to provide information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and protection so as to protect users such as Plaintiff KEVIN BROWN from being harmed by exposure to Defendants' products.

(f)     Defendants failed to take reasonable precaution or exercise reasonable care to publish, adopt, and enforce a safety plan and/or safe method of handling Defendants' products.

(g)     Defendants failed to develop and utilize a substitute material or design to eliminate carcinogens or otherwise eliminate the release of carcinogens during use of Defendants' products.

(h)     Defendants failed to recall and/or remove from the stream of commerce aromatic amines, including 4-ABP, containing products, which caused the release of carcinogens, despite knowledge of the unsafe and dangerous nature of such products.

(i)    Defendants failed to warn or educate users such as Plaintiff KEVIN BROWN

regarding aromatic amines, including 4-ABP, present in Defendants' products.

23.    The above acts of Defendants constitute violations of the duty of ordinary care

and skill owed by Defendants to Plaintiff KEVIN BROWN.

24.    As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was exposed

to aromatic amines, including 4-ABP, containing substances.

25.    As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was

diagnosed with bladder cancer caused by his exposure to Defendants' products.    Moreover,

Plaintiff KEVIN BROWN was at all times mentioned herein unaware of the latent hazardous

condition or the risk of personal injury created by Defendants' conduct and negligence.

26.    As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was injured,

has suffered physical pain and suffering; mental pain and anguish; loss of enjoyment of life; loss

of income; has incurred medical expenses in the treatment of his injuries; has suffered physical

handicap and disability and impairment; and his working ability has been impaired.    These

injuries are permanent and continuing in nature.

27.    The conduct of the Defendants was and is wanton and willful, malicious,

fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of

Plaintiff KEVIN BROWN.    Plaintiffs, for the sake of example and by way of punishing said

Defendants, and each of them, seek punitive damages.

28.    WHEREFORE, Plaintiffs demand judgment against each and every Defendant for

compensatory damages.    Plaintiffs further demand the costs and expenses of this litigation, plus

interest including prejudgment interest, and any other relief to which Plaintiffs may be entitled.

## COUNT TWO – LOSS OF CONSORTIUM

29.    Plaintiffs, by reference, incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

30.    At all times material hereto, Plaintiffs, KEVIN BROWN and ERIKA BROWN were and are husband and wife residing together in a common household.

31.    As a direct and proximate result of the forgoing negligence and conduct of the Defendants RITE AID and RITE AID PA, Plaintiff, ERIKA BROWN, has been caused to suffer the loss of her husband's consortium, companionship, comfort, society and services. These injuries and damages are either permanent or continuing in nature, and Plaintiff ERIKA BROWN, will suffer such losses in the future.

32.    Wherefore, Plaintiff ERIKA BROWN demands judgment for damages exclusive of costs, interest and attorneys' fees.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims so triable in this action.

Date: October 22, 2018              /s/ Michael S. Katz
                                    Michael S. Katz
                                    LOPEZ MCHUGH, LLP
                                    214 Flynn Avenue
                                    Moorestown, NJ 08057
                                    (856) 273-8500
                                    (856) 273-8502 – Fax
                                    *Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH 42 PA. CODE § 213.81**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts, 42 Pa. Code § 213.81* that requires filing confidential information and documents differently than non-confidential information and documents.

Submitted By: Lopez McHugh, LLP
Signature: */s/ Michael S. Katz*
Name: Michael S. Katz, Esq.
Attorney No. (If applicable): 76119

## VERIFICATION

I hereby verify that I am counsel for the Plaintiffs herein and the information contained in the foregoing Complaint is true and correct to the best of my knowledge, information and belief. The attached Complaint is based upon information which has been furnished to Plaintiffs' counsel and information which has been gathered by counsel in preparation for the prosecution of this lawsuit. The language contained in the Complaint is that of counsel and not of Plaintiff. I have read the Complaint and, to the extent that it is based upon information which was given to counsel, it is true and correct to the best of my knowledge, information, and belief.

I make this verification subject 18 Pa. C.S § 4904, and I understand that the above statements, if false, are subject to the penalties under § 4904, relating to unsworn falsification to authorities.

/s/ Michael S. Katz
Michael S. Katz, Esq.

Dated: October 22, 2018

Case ID: 181002874

# Exhibit B

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY PENNSYLVANIA
CIVIL ACTION-LAW

Filed and Attested by the
Office of Judicial Records
20 DEC 2018 01:57 pm
E. HADRIN

| | |
|---|---|
| KEVIN BROWN and ERIKA BROWN | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY, PA |
| v. | : |
| | : OCTOBER TERM, 2018 |
| RITE AID CORPORATION and RITE AID | : NO. 2874 |
| OF PENNSYLVANIA, INC. | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : |
| HOYU AMERICA CO. | : |
| 6265 Phyllis Drive | : |
| Cypress, CA 90630 | : |
| | : |
| and | : |
| | : |
| COMBE INCORPORATED | : |
| 1101 Westchester Avenue | : |
| White Plains, NY 10604 | : |
| | : |
| and | : |
| | : |
| SALLY BEAUTY HOLDINGS, INC. | : |
| 3001 Colorado Boulevard | : |
| Denton, Texas 76210 | : |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 181002874

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 181002874

**DONNELLY & ASSOCIATES, P.C.**
By:  Gregory J. Mann, Esquire
Identification No. 206180
1787 Sentry Parkway West
VEVA 16, Suite 210
Blue Bell, PA  19422
Phone (610) 828-2300
gmann@donnellyandassociates.com

Attorney for Defendants,
Rite Aid Corporation  and Rite Aid of
Pennsylvania, Inc.

| | |
|---|---|
| KEVIN BROWN and ERIKA BROWN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA |
| v. | |
| RITE AID CORPORATION and RITE AID OF PENNSYLVANIA, INC. | OCTOBER TERM, 2018 NO. 2874 |
| v. | JURY TRIAL DEMANDED |
| HOYU AMERICA CO. 6265 Phyllis Drive Cypress, CA 90630 | |
| and | |
| COMBE INCORPORATED 1101 Westchester Avenue White Plains, NY 10604 | |
| and | |
| SALLY BEAUTY HOLDINGS, INC. 3001 Colorado Boulevard Denton, Texas 76210 | |

## JOINDER COMPLAINT OF DEFENDANTS, RITE AID CORPORATION AND RITE AID OF PENNSYLVANIA, INC., AGAINST HOYU AMERICA CO., COMBE INCORPORATED and SALLY BEAUTY HOLDINGS, INC.

1.     Third Party Defendant USM, Inc., is a corporation organized and existing under

the laws of the Commonwealth of Pennsylvania

2.     Third Party Defendant Hoyu America Co., ("Hoyu") is a Delaware corporation with its principal place of business in Cypress, California.

3.     Third Party Defendant Combe Incorporated ("Combe") is a Delaware corporation with its principal place of business in White Plains, New York.

4.     Third Party Defendant Sally Beauty Holdings, Inc. ("Sally Beauty") is a Delaware corporation with its principal place of business in Denton, Texas.

5.     Plaintiffs filed a Complaint under the court term and number, Philadelphia, CCP, October Term, No. 2874.  The terms and provisions of this Complaint are incorporated herein and made a part hereof by this reference, with any and all averments of liability directed to Defendants, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., being specifically denied. (A true and correct copy of Plaintiffs' Complaint is attached hereto and made a part hereof as Exhibit "A").

6.     In the Complaint, Plaintiffs allege that Kevin Brown was injured due a product (hair dye) he purchased from Defendants, Rite Aid Corporation  and Rite Aid of Pennsylvania, Inc. (hereinafter "Rite Aid").  (See Exhibit "A").

7.     Prior to initiating the present lawsuit, Plaintiffs previously made identical claims against Rite Aid, as well as Hoyu, Combe and Sally Beauty.  (A true and correct copy of Plaintiffs' prior complaint is attached hereto and made a part hereof as Exhibit "B").

8.     If the allegations in Plaintiffs' Complaint or certain of them are proven true and correct at the time of trial in this matter, the Plaintiffs' damages were caused by the carelessness and negligence or other culpable conduct of Hoyu, Combe and Sally Beauty.

9.     Third Party Defendants, Hoyu, Combe and Sally Beauty are alone liable to Plaintiffs, jointly and severally liable to Plaintiff, jointly and severally liable with Rite Aid, or

liable over to Rite Aid, on the cause of action declared upon the Plaintiffs' Complaint, the existence of any liability on the part of the Rite Aid hereby being expressly denied.

WHEREFORE, Defendants, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., demand a judgment be entered in its favor. Further it demands that Third Party Defendants Hoyu, Combe and Sally Beauty, be found solely liable for any and all damages sustained by Plaintiff. Alternatively, Defendants, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., prays that this Honorable Court enter judgment against Third Party Defendants Hoyu, Combe and Sally Beauty, as jointly and severally liable with Defendants, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., for any and all liability, any such liability on the part of the Defendants, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., being specifically denied, in which case, Third Party Defendants Hoyu, Combe and Sally Beauty, are liable over to Defendants, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., for full common law and contractual indemnity and/or contribution, including reimbursement of the damages, costs, legal expenses and fees.

Respectfully submitted,

**DONNELLY & ASSOCIATES, P.C.**

By:     /s/ Gregory J. Mann
        Gregory J. Mann, Esquire
        Attorney for Defendants
        Rite Aid Corporation and Rite Aid of
        Pennsylvania, Inc.

Date: 12/20/18

## VERIFICATION

**I, GREGORY J. MANN**, deposes and says that he is the attorney for Attorney for

Defendants/Third Party Plaintiffs, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., in

this action, and hereby verifies that the statements made in the foregoing Joinder Complaint are

based upon the facts as explained by the Defendants, which are true and correct, and understands

that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to

unsworn falsification to authorities.


/s/ *Gregory J. Mann*
GREGORY J. MANN, ESQUIRE

**DONNELLY & ASSOCIATES, P.C.**
By:  Gregory J. Mann, Esquire
Identification No. 206180
1787 Sentry Parkway West
VEVA 16, Suite 210
Blue Bell, PA  19422
Phone (610) 828-2300
gmann@donnellyandassociates.com

Attorney for Defendants,
Rite Aid Corporation  and Rite Aid of
Pennsylvania, Inc.

| | | |
|---|---|---|
| KEVIN BROWN and ERIKA BROWN | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| | : | |
| v. | : | OCTOBER TERM, 2018 |
| | : | NO. 2874 |
| | : | |
| RITE AID CORPORATION and RITE AID | : | JURY TRIAL DEMANDED |
| OF PENNSYLVANIA, INC. | : | |

## CERTIFICATE OF SERVICE

I, Gregory J. Mann, Esquire, do hereby certify that a true and correct copy of Joinder

Complaint of Defendants, Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., against Hoyu

America Co., Combe Incorporated and Sally Beauty Holdings, Inc., was filed electronically on

the date indicated below and is available for viewing and downloading from the ECF System of

the Philadelphia Court of Common Pleas.

DONNELLY & ASSOCIATES, P.C.

By:  /s/ Gregory J. Mann
Gregory J. Mann, Esquire
Attorney for Defendants
Rite Aid Corporation and Rite Aid of
Pennsylvania, Inc.

Date: 12/20/18

Case ID: 181002874

LOPEZ MCHUGH, LLP
BY:    Michael S. Katz    ID. 76119
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 – Fax
*Attorneys for Plaintiffs*

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

|  |  |  |
|---|---|---|
| KEVIN BROWN<br>4300 Flat Shoals Road<br>Union City, GA 30291<br>and<br>ERIKA BROWN<br>4300 Flat Shoals Road<br>Union City, GA 30291<br><br>Plaintiffs<br><br>v.<br><br>RITE AID CORPORATION<br>30 Hunter Lane<br>Camp Hill, PA 17011<br>and<br>RITE AID OF PENNSYLVANIA, INC.<br>30 Hunter Lane<br>Camp Hill, PA 17011<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OCTOBER TERM 2018<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' COMPLAINT

COMES NOW KEVIN BROWN and ERIKA BROWN ("Plaintiffs") by and through

their attorneys and hereby allege against the Defendants, and each of them, as follows:

### I.   INTRODUCTION

1.    This is an action for personal injuries and damages sustained by Plaintiff KEVIN

BROWN, and loss of consortium damages sustained by his wife ERIKA BROWN as a result of



Case ID: 181002871

Case ID: 181002874

KEVIN BROWN's exposure to products containing aromatic amines that were packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the stream of commerce by the Defendants named herein.

## II.  THE PARTIES

2.      Plaintiff KEVIN BROWN is a citizen and resident of Georgia, residing therein at 4300 Flat Shoals Rd., Apt. 110, Union City, Georgia 30291.

3.      Plaintiff ERIKA BROWN, the spouse of KEVIN BROWN, is a citizen and resident of Georgia, residing therein at 4300 Flat Shoals Rd., Apt. 110, Union City, Georgia 30291.

4.      Defendant RITE AID CORPORATION ("RITE AID") is a Delaware corporation with its corporate headquarters and principal place of business in Camp Hill, Pennsylvania. Defendant RITE AID may be served with process by serving its registered agent at CT Corporation System CUMBERLAND, 600 North 2nd Street, Suite 401, Dauphin County, Harrisburg, Pennsylvania 17101-1071.

5.   .   Defendant RITE AID PENNSYLVANIA, INC. ("RITE AID PA") is a Pennsylvania corporation with this corporate headquarters and principal place of business in Camp Hill, Pennsylvania. Defendant RITE AID PA may be served with process by serving its registered agent at CT Corporation System CUMBERLAND, 600 North 2nd Street, Suite 201, Dauphin County, Harrisburg, Pennsylvania 17101-1071.

## III.  JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in Philadelphia County because one or more of the Defendants regularly conducts business in the Commonwealth of Pennsylvania, and the acts and omissions that give rise to this lawsuit occurred in Philadelphia County.

Case ID·

Case ID: 181002874

7.      THIS CAUSE IS NOT REMOVABLE. Although there is diversity of citizenship among the parties, Defendants RITE AID and RITE AID PA are citizens of the State of Pennsylvania for purposes of federal diversity jurisdiction and removal statutes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."). Because at least one Defendant is a resident of Pennsylvania, where this action is filed, Defendants cannot remove this action on the basis of diversity. 28 U.S.C. § 1441(b).

## IV.   FACTS

8.      From approximately 1994 to 2008, Plaintiff KEVIN BROWN worked as a barber in the Reading and Philadelphia areas of Pennsylvania.

9.      As a barber, Plaintiff KEVIN BROWN cut, sculpted and dyed his clients' hair. In connection with this work, Plaintiff KEVIN BROWN used, handled and applied various hair dyes.

10.     Upon information and belief, the hair dye products Plaintiff KEVIN BROWN used, handled, applied, and was otherwise exposed to, contained aromatic amines, including but not limited to, the chemical 4-aminobiphenyl ("4-ABP"), a known human bladder carcinogen.

11.     The hair dyes containing aromatic amines, including 4-ABP, used by Plaintiff KEVIN BROWN were packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the stream of commerce by the Defendants.

12.     Plaintiff KEVIN BROWN's exposure to the products packaged, marketed, supplied, sold, distributed, advertised or otherwise put into the stream of commerce by Defendants was by inhalation and dermal absorption.

13.   In 2016, Plaintiff KEVIN BROWN was diagnosed with bladder cancer at the age of 57. Plaintiff KEVIN BROWN used, handled, applied or was otherwise exposed to aromatic amines, including 4-ABP, containing products packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the steam of commerce by the Defendants. As a result of the conduct of the Defendants, as alleged below, Plaintiff KEVIN BROWN's exposure to Defendants' products caused Plaintiff KEVIN BROWN to suffer serious, permanent, and life-threatening injuries.

## V.    DISCOVERY RULE

14.   Plaintiffs hereby plead and invoke the "discovery rule." Plaintiffs will show that after reasonably exercising due diligence, they did not learn the nature of the cause of Plaintiff KEVIN BROWN's cancer, or that such cancer was related to his exposures from products Defendants packaged, marketed, supplied, sold, distributed, advertised and/or otherwise put into the stream of commerce, until less than two years prior to the filing of the Plaintiffs' causes of action stated herein.

## COUNT ONE – NEGLIGENCE

15.   Plaintiffs, by reference, incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

16.   At all times herein mentioned, Defendants were and are engaged in the business of packaging, marketing, suppling, selling, distributing, advertising and/or otherwise putting into the stream of commerce products used in the barber and hairdressing industry.

17.   Defendants owed to Plaintiff KEVIN BROWN and other users a duty to act reasonably and to exercise ordinary care in pursuit of the activities mentioned above, and Defendants breached that duty of due care.

18. Defendants owed to Plaintiff KEVIN BROWN and other users a duty to provide accurate, reliable, and completely truthful information regarding the nature of the toxic chemicals contained in their products and to provide accurate, reliable, and completely truthful information regarding the dangers associated with exposure to their products.

19. Defendants owed to Plaintiff KEVIN BROWN and other users a duty to test their products to determine the level of carcinogens contained therein before placing the products into the stream of commerce.

20. Defendants knew, or through the exercise of reasonable care and skill should have known, that aromatic amines, including 4-ABP, was in their products, whether intended or as a contaminant.

21. Defendants further knew or through the exercise of reasonable care and skill should have known, that through the foreseeable use and/or handling of their products, users such as Plaintiff KEVIN BROWN would be exposed to carcinogens present in the products or released during use of the products through dermal absorption and inhalation. Defendants knew, or through the exercise of reasonable care and skill should have known, that such exposures would cause serious and life-threatening health effects including cancer and death.

22. Defendants did carelessly and negligently package, market, supply, sell, distribute, and advertise their products to the public and to users such as Plaintiff KEVIN BROWN. Defendants breached their duty of care to Plaintiff KEVIN BROWN and were negligent in the following ways:

    (a)    Defendants failed to test their products to determine the types and levels of chemicals and carcinogens contained in their products before selling and distributing them.

(b)   Defendants failed to provide sufficient health and safety warnings concerning the risk of cancer and death resulting from exposure to Defendants' products.

(c)   Defendants failed to take reasonable care to warn users including Plaintiff KEVIN BROWN of the risk of bystander exposure resulting from use of Defendants' products.

(d)   Defendants failed to disclose information to users such as Plaintiff KEVIN BROWN concerning the exact chemical constituents of their products and whether such constituents were carcinogenic.

(e)   Defendants failed to provide information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and protection so as to protect users such as Plaintiff KEVIN BROWN from being harmed by exposure to Defendants' products.

(f)   Defendants failed to take reasonable precaution or exercise reasonable care to publish, adopt, and enforce a safety plan and/or safe method of handling Defendants' products.

(g)   Defendants failed to develop and utilize a substitute material or design to eliminate carcinogens or otherwise eliminate the release of carcinogens during use of Defendants' products.

(h)   Defendants failed to recall and/or remove from the stream of commerce aromatic amines, including 4-ABP, containing products, which caused the release of carcinogens, despite knowledge of the unsafe and dangerous nature of such products.

(i)     Defendants failed to warn or educate users such as Plaintiff KEVIN BROWN regarding aromatic amines, including 4-ABP, present in Defendants' products.

23.     The above acts of Defendants constitute violations of the duty of ordinary care and skill owed by Defendants to Plaintiff KEVIN BROWN.

24.     As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was exposed to aromatic amines, including 4-ABP, containing substances.

25.     As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was diagnosed with bladder cancer caused by his exposure to Defendants' products. Moreover, Plaintiff KEVIN BROWN was at all times mentioned herein unaware of the latent hazardous condition or the risk of personal injury created by Defendants' conduct and negligence.

26.     As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was injured, has suffered physical pain and suffering; mental pain and anguish; loss of enjoyment of life; loss of income; has incurred medical expenses in the treatment of his injuries; has suffered physical handicap and disability and impairment; and his working ability has been impaired. These injuries are permanent and continuing in nature.

27.     The conduct of the Defendants was and is wanton and willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of Plaintiff KEVIN BROWN. Plaintiffs, for the sake of example and by way of punishing said Defendants, and each of them, seek punitive damages.

28.     WHEREFORE, Plaintiffs demand judgment against each and every Defendant for compensatory damages. Plaintiffs further demand the costs and expenses of this litigation, plus interest including prejudgment interest, and any other relief to which Plaintiffs may be entitled.

Case ID: 181002874

Case ID: 181002874

## COUNT TWO – LOSS OF CONSORTIUM

29.     Plaintiffs, by reference, incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

30.     At all times material hereto, Plaintiffs, KEVIN BROWN and ERIKA BROWN were and are husband and wife residing together in a common household.

31.     As a direct and proximate result of the forgoing negligence and conduct of the Defendants RITE AID and RITE AID PA, Plaintiff, ERIKA BROWN, has been caused to suffer the loss of her husband's consortium, companionship, comfort, society and services.   These injuries and damages are either permanent or continuing in nature, and Plaintiff ERIKA BROWN, will suffer such losses in the future.

32.     Wherefore, Plaintiff ERIKA BROWN demands judgment for damages exclusive of costs, interest and attorneys' fees.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims so triable in this action.


Date: October 22, 2018           _/s/ Michael S. Katz_
                                 Michael S. Katz
                                 **LOPEZ MCHUGH, LLP**
                                 214 Flynn Avenue
                                 Moorestown, NJ 08057
                                 (856) 273-8500
                                 (856) 273-8502 – Fax
                                 *Attorneys for Plaintiff*

Case ID: 181002874

Case ID: 181002874

## CERTIFICATE OF COMPLIANCE WITH 42 PA. CODE § 213.81

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts, 42 Pa. Code § 213.81* that requires filing confidential information and documents differently than non-confidential information and documents.

Submitted By: Lopez McHugh, LLP
Signature: /s/ *Michael S. Katz*
Name: Michael S. Katz, Esq.
Attorney No. (If applicable): 76119

Case ID: 1810028:

Case ID: 181002874

## VERIFICATION

I hereby verify that I am counsel for the Plaintiffs herein and the information contained in the foregoing Complaint is true and correct to the best of my knowledge, information and belief. The attached Complaint is based upon information which has been furnished to Plaintiffs' counsel and information which has been gathered by counsel in preparation for the prosecution of this lawsuit. The language contained in the Complaint is that of counsel and not of Plaintiff. I have read the Complaint and, to the extent that it is based upon information which was given to counsel, it is true and correct to the best of my knowledge, information, and belief.

I make this verification subject 18 Pa. C.S § 4904, and I understand that the above statements, if false, are subject to the penalties under § 4904, relating to unsworn falsification to authorities.

/s/ Michael S. Katz
Michael S. Katz, Esq.

Dated: October 22, 2018

Case ID: 181002874

Case ID: 181002874

LOPEZ MCHUGH, LLP
BY:   Michael S. Katz          ID. 76119
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 – Fax
*Attorneys for Plaintiffs*



IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

| | |
|---|---|
| **KEVIN BROWN** | § |
| **4300 Flat Shoals Road** | § |
| **Union City, GA 30291** | § **SEPTEMBER TERM 2018** |
| and | § |
| **ERIKA BROWN** | § |
| **4300 Flat Shoals Road** | § **NO.** _____ |
| **Union City, GA 30291** | § |
| | § |
| **Plaintiffs** | § **JURY TRIAL DEMANDED** |
| | § |
| v. | § |
| | § |
| **HOYU AMERICA CO., LTD** | § |
| **6265 Phyllis Drive** | § |
| **Cypress, CA 90630** | § |
| and | § |
| **COMBE INCORPORATED** | § |
| **1101 Westchester Avenue** | § |
| **White Plains, NY 10604** | § |
| and | § |
| **SALLY BEAUTY COMPANY, INC.** | § |
| **3001 Colorado Blvd** | § |
| **Denton, TX 76210** | § |
| and | § |
| **RITE AID CORPORATION** | § |
| **30 Hunter Lane** | § |
| **Camp Hill, PA 17011** | § |
| and | § |
| **RITE AID OF PENNSYLVANIA, INC.** | § |
| **30 Hunter Lane** | § |
| **Camp Hill, PA 17011** | § |
| | § |
| **Defendants.** | § |



## NOTICE TO PLEAD

**NOTICE** You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. **PHILADELPHIA COUNTY BAR ASSOCIATION** LAWYER REFERRAL AND INFORMATION SERVICE 1101 MARKET STREET, 11th FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEPHONE: (215) 238-1701

**AVISO** Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de lan demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendandes u otros derechos importantes para uted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIOL, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. **ASOCIACION DE LICENCIADOR DE PHILADELPHIA** VICIO DE REFERENCIA DE INFORMACION LEGAL 1101 MARKET STREET, 11th FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEFONO: (215) 238-1701

2

Case ID: 180902441

Case ID: 181002874

LOPEZ MCHUGH, LLP
BY:    Michael S. Katz    ID. 76119
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 – Fax
*Attorneys for Plaintiffs*

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY

| | |
|---|---|
| KEVIN BROWN<br>4300 Flat Shoals Road<br>Union City, GA 30291<br>and<br>ERIKA BROWN<br>4300 Flat Shoals Road<br>Union City, GA 30291 | § <br>§ <br>§ <br>§ **SEPTEMBER TERM 2018**<br>§ <br>§ <br>§ **NO.** _____<br>§ |
| **Plaintiffs** | § <br>§ **JURY TRIAL DEMANDED**<br>§ |
| v. | § <br>§ |
| HOYU AMERICA CO., LTD<br>6265 Phyllis Drive<br>Cypress, CA 90630<br>and<br>COMBE INCORPORATED<br>1101 Westchester Avenue<br>White Plains, NY 10604<br>and<br>SALLY BEAUTY COMPANY, INC.<br>3001 Colorado Blvd<br>Denton, TX 76210<br>and<br>RITE AID CORPORATION<br>30 Hunter Lane<br>Camp Hill, PA 17011<br>and<br>RITE AID OF PENNSYLVANIA, INC.<br>30 Hunter Lane<br>Camp Hill, PA 17011 | § <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ |
| **Defendants.** | § <br>§ |

3

Case ID: 180902441

Case ID: 181002874

<u>**PLAINTIFFS' COMPLAINT**</u>

COMES NOW KEVIN BROWN and ERIKA BROWN ("Plaintiffs") by and through their attorneys and hereby allege against the Defendants, and each of them, as follows:

<u>**I.   INTRODUCTION**</u>

1.    This is an action for personal injuries and damages sustained by Plaintiff KEVIN BROWN, and loss of consortium damages sustained by his wife ERIKA BROWN as a result of KEVIN BROWN's exposure to products containing aromatic amines that were designed, manufactured, packaged, marketed, sold, and/or distributed by the Defendants named herein.

<u>**II.   THE PARTIES**</u>

2.    Plaintiff KEVIN BROWN is a citizen and resident of Georgia, residing therein at 4300 Flat Shoals Rd., Apt. 110, Union City, Georgia 30291.

3.    Plaintiff ERIKA BROWN, the spouse of KEVIN BROWN, is a citizen and resident of Georgia, residing therein at 4300 Flat Shoals Rd., Apt. 110, Union City, Georgia 30291.

4.    Defendant HOYU AMERICA CO., LTD. ("HOYU") is a Delaware corporation with its principal place of business in Cypress, California. Defendant HOYU may be served with process by serving its registered agent at: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

5.    Defendant COMBE INCORPORATED ("COMBE") is a Delaware corporation with its principal place of business in White Plains, New York. Defendant COMBE may be served with process by serving its registered agent at CT Corporation System, 111 8th Ave, New York, New York 10011.

4

Case ID: 180902441

Case ID: 181002874

6.      Defendant SALLY BEAUTY COMPANY, INC. ("SALLY BEAUTY") is a Delaware corporation with its principal place of business in Denton, Texas. Defendant SALLY BEAUTY may be served with process by serving its registered agent at CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania 19103.

7.      Defendant RITE AID CORPORATION ("RITE AID") is a Delaware corporation with its corporate headquarters and principal place of business in Camp Hill, Pennsylvania. Defendant RITE AID may be served with process by serving its registered agent at CT Corporation System CUMBERLAND, 600 North 2nd Street, Suite 401, Dauphin County, Harrisburg, Pennsylvania 17101-1071.

8.      Defendant RITE AID PENNSYLVANIA, INC. ("RITE AID PA") is a Pennsylvania corporation with this corporate headquarters and principal place of business in Camp Hill, Pennsylvania. Defendant RITE AID PA may be served with process by serving its registered agent at CT Corporation System CUMBERLAND, 600 North 2nd Street, Suite 201, Dauphin County, Harrisburg, Pennsylvania 17101-1071.

### III. JURISDICTION AND VENUE

9.      Jurisdiction and venue are proper in Philadelphia County because one or more of the Defendants regularly conducts business in the Commonwealth of Pennsylvania, and the acts and omissions that give rise to this lawsuit occurred in Philadelphia County.

10.     THIS CAUSE IS NOT REMOVABLE. Although there is diversity of citizenship among the parties, Defendants RITE AID and RITE AID PA are citizens of the State of Pennsylvania for purposes of federal diversity jurisdiction and removal statutes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."). Because at least one

5

Defendant is a resident of Pennsylvania, where this action is filed, Defendants cannot remove this action on the basis of diversity. 28 U.S.C. § 1441(b).

## IV. FACTS

11.     From approximately 1994 to 2008, Plaintiff KEVIN BROWN worked as a barber in the Reading and Philadelphia areas of Pennsylvania.

12.     As a barber, Plaintiff KEVIN BROWN cut, sculpted and dyed his clients' hair. In connection with this work, Plaintiff KEVIN BROWN used, handled and applied various hair dyes.

13.     Upon information and belief, the hair dye products Plaintiff KEVIN BROWN used, handled, applied, and was otherwise exposed to, contained aromatic amines, including but not limited to, the chemical 4-aminobiphenyl ("4-ABP"), a known human bladder carcinogen.

14.     The hair dyes containing aromatic amines, including 4-ABP, used by Plaintiff KEVIN BROWN were designed, manufactured, packaged, marketed, sold, and/or distributed by the Defendants HOYU, COMBE, SALLY BEAUTY, RITE AID and RITE AID PA.

15.     Plaintiff KEVIN BROWN's exposure to the products designed, manufactured, packaged, marketed, sold, and or distributed by Defendants HOYU, COMBE, SALLY BEAUTY RITE AID and RITE AID PA was by inhalation and dermal absorption.

16.     In 2016, Plaintiff KEVIN BROWN was diagnosed with bladder cancer at the age of 57. Plaintiff KEVIN BROWN used, handled, applied or was otherwise exposed to aromatic amines, including 4-ABP, containing products designed, manufactured, packaged, marketed, sold, supplied and/or distributed by the Defendants. As a result of the conduct of the Defendants as alleged below, Plaintiff KEVIN BROWN's exposure to Defendants' products has caused Plaintiff KEVIN BROWN to suffer serious, permanent, and life-threatening injuries.

6

## V.    DISCOVERY RULE

17.    Plaintiffs hereby pleads and invoke the "discovery rule." Plaintiffs will show that after reasonably exercising due diligence, they did not learn the nature of the cause of Plaintiff KEVIN BROWN's cancer, or that such cancer was related to his exposures from Defendants' products, until less than two years prior to the filing of the Plaintiffs' causes of action stated herein.

## COUNT ONE – NEGLIGENCE

18.    Plaintiffs, by reference, incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

19.    At all times herein mentioned, Defendants were and are engaged in the business of researching, manufacturing, fabricating, designing, labeling, distributing, selling, marketing, packaging, and advertising products used in the barber and hairdressing industry.

20.    Defendants owed to Plaintiff KEVIN BROWN and other users a duty to act reasonably and to exercise ordinary care in pursuit of the activities mentioned above, and Defendants breached that duty of due care.

21.    Defendants owed to Plaintiff KEVIN BROWN and other users a duty to provide accurate, reliable, and completely truthful information regarding the nature of the toxic chemicals contained in their products and to provide accurate, reliable, and completely truthful information regarding the dangers associated with exposure to their products.

22.    Defendants owed to Plaintiff KEVIN BROWN and other users a duty to test their products to determine the level of carcinogens contained therein before placing the products into the stream of commerce.

7

23. Defendants knew, or through the exercise of reasonable care and skill should have known, that aromatic amines, including 4-ABP, was in their products, whether intended or as a contaminant.

24. Defendants further knew or through the exercise of reasonable care and skill should have known, that through the foreseeable use and/or handling of their products, users such as Plaintiff KEVIN BROWN would be exposed to carcinogens present in the products or released during use of the products through dermal absorption and inhalation. Defendants knew, or through the exercise of reasonable care and skill should have known, that such exposures would cause serious and life-threatening health effects including cancer and death.

25. Defendants did carelessly and negligently manufacture, design, label, distribute, sell, package, and market their products to the public and to users such as Plaintiff KEVIN BROWN. Defendants breached their duty of care to Plaintiff KEVIN BROWN and were negligent in the following ways:

(a) Defendants failed to test their products to determine the types and levels of chemicals and carcinogens contained in their products before selling and distributing them.

(b) Defendants failed to provide sufficient health and safety warnings concerning the risk of cancer and death resulting from exposure to Defendants' products.

(c) Defendants failed to take reasonable care to warn users including Plaintiff KEVIN BROWN of the risk of bystander exposure resulting from use of Defendants' products.

8

Case ID: 180902441

Case ID: 181002874

(d)    Defendants failed to disclose information to users such as Plaintiff KEVIN BROWN concerning the exact chemical constituents of their products and whether such constituents were carcinogenic.

(e)    Defendants failed to provide information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and protection so as to protect users such as Plaintiff KEVIN BROWN from being harmed by exposure to Defendants' products.

(f)    Defendants failed to take reasonable precaution or exercise reasonable care to publish, adopt, and enforce a safety plan and/or safe method of handling Defendants' products.

(g)    Defendants failed to develop and utilize a substitute material or design to eliminate carcinogens or otherwise eliminate the release of carcinogens during use of Defendants' products.

(h)    Defendants failed to recall and/or remove from the stream of commerce aromatic amines, including 4-ABP, containing products, which caused the release of carcinogens, despite knowledge of the unsafe and dangerous nature of such products.

(i)    Defendants failed to warn or educate users such as Plaintiff KEVIN BROWN regarding aromatic amines, including 4-ABP, present in Defendants' products.

26.    The above acts of Defendants constitute violations of the duty of ordinary care and skill owed by Defendants to Plaintiff KEVIN BROWN.

27.    As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was exposed to aromatic amines, including 4-ABP, containing substances.

Case ID: 180902441

Case ID: 181002874

28.    As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was diagnosed with bladder cancer caused by his exposure to Defendants' products. Moreover, Plaintiff KEVIN BROWN was at all times mentioned herein unaware of the latent hazardous condition or the risk of personal injury created by defendants' conduct and negligence.

29.    As a result of the Defendants' negligence, Plaintiff KEVIN BROWN was injured, has suffered physical pain and suffering; mental pain and anguish; loss of enjoyment of life; loss of income; has incurred medical expenses in treatment of his injuries; has suffered physical handicap and disability and impairment; and his working ability has been impaired. These injuries are permanent and continuing in nature.

30.    The conduct of the Defendants was and is wanton and willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of Plaintiff KEVIN BROWN. Plaintiffs, for the sake of example and by way of punishing said Defendants, and each of them, seek punitive damages.

31.    WHEREFORE, Plaintiffs demand judgment against each and every Defendant for compensatory damages. Plaintiffs further demand the costs and expenses of this litigation, plus interest including prejudgment interest, and any other relief to which Plaintiffs may be entitled.

## COUNT TWO – STRICT LIABILITY

32.    Plaintiffs, by reference, incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

33.    The Defendants HOYU, COMBE, SALLY BEAUTY, RITE AID and RITE AID PA are in the business of designing, manufacturing, selling, marketing, packaging, selling, and/or distributing products used in the barber and hairdressing industry.

10

Case ID: 180902441

Case ID: 181002874

34.    The products used by Plaintiff KEVIN BROWN and to which he was exposed to were designed, produced, manufactured, marketed, sold and/or otherwise put into the stream of commerce by Defendants HOYU, COMBE, SALLY BEAUTY, RITE AID and RITE AID PA and were used for their intended purpose.

35.    Defendants knew that their products would be used without inspection, and by placing them in the stream of commerce without an adequate warning and/or instruction, Defendants represented that the products would safely do the job for which they were intended.

36.    Defendants' products were defective and not reasonably safe at the time of manufacture. Defendants' products were not fit for the purposes and uses for which they were intended and instead were unreasonably dangerous for their intended use.

37.    Defendants' products were further defective taking into consideration the utility of the products and the risk involved in their use. Defendants' products as designed contained carcinogens including aromatic amines and 4-ABP. Safer alternative designs existed that, in reasonably probability, would have prevented or significantly reduced the risk of injury to Plaintiff without substantially impairing the products' utility and was economically and technologically feasible at the time the products left the control of Defendants by application of existing or reasonably achievable scientific knowledge.

38.    Defendants' products were further defective in that Defendants failed to give users including Plaintiff KEVIN BROWN adequate warnings or instructions concerning the dangers of the products which may flow from the use or foreseeable misuse of the products that were known or should have been known to the Defendants. Further, Defendants failed to warn of the likelihood that use of or exposure to the products would cause harm or similar harms and

11

the seriousness of those harms. This failure to warn on the part of the Defendants rendered such products unsafe and unreasonably dangerous at the time they left the hands of the Defendants.

39.   Defendants' products were not substantially changed in condition before reaching Plaintiff and being subjected to their foreseeable and intended use by users such as Plaintiff KEVIN BROWN.

40.   Plaintiff KEVIN BROWN was unaware of the dangerous propensities of Defendants' products that rendered them unsafe for their intended use. At the time Plaintiff KEVIN BROWN used or was exposed to Defendants' products, his use, application, and exposure was in a manner that was or should have been reasonably anticipated by the Defendants.

41.   As a result of the conduct of the Defendants, Plaintiff KEVIN BROWN was exposed to aromatic amines, including 4-ABP, containing substances.

42.   As a result of the conduct of Defendants, Plaintiff KEVIN BROWN was diagnosed with bladder cancer caused by exposure to Defendants' products.

43.   As a result of the conduct of Defendants, Plaintiff KEVIN BROWN was injured, has suffered physical pain and suffering; mental pain and anguish; loss of enjoyment of life; loss of income; has incurred medical expenses in treatment of his injuries; has suffered physical handicap and disability and impairment; and his working ability has been impaired. These injuries are permanent and continuing in nature, and Plaintiff will suffer such losses and impairments in the future.

44.   The conduct of the Defendants was and is wanton and willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of

Case ID: 180902441

Case ID: 181002874

Plaintiff KEVIN BROWN. Plaintiffs, for the sake of example and by way of punishing said Defendants, and each of them, seek punitive damages.

45.    WHEREFORE, Plaintiffs demand judgment against each and every Defendant for compensatory damages. Plaintiffs further demand the costs and expenses of this litigation, plus interest including prejudgment interest, and any other relief to which Plaintiffs may be entitled.

## COUNT THREE – LOSS OF CONSORTIUM

46.    Plaintiffs, by reference, incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

47.    At all times material hereto, Plaintiffs, KEVIN BROWN and ERIKA BROWN were and are husband and wife residing together in a common household.

48.    As a direct and proximate result of the forgoing negligence and conduct of the Defendants, and each of them, as described above, HOYU, COMBE, SALLY BEAUTY, RITE AID and RITE AID PA, Plaintiff, ERIKA BROWN, has been caused to suffer the loss of her husband's consortium, companionship, comfort, society and services. These injuries and damages are either permanent or continuing in nature, and Plaintiff ERIKA BROWN, will suffer such losses in the future.

49.    Wherefore, Plaintiff ERIKA BROWN demands judgment for damages exclusive of costs, interest and attorneys' fees.

Case ID: 180902441

Case ID: 181002874

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims so triable in this action.

Date: September 19, 2018

_/s/ Michael S. Katz_
Michael S. Katz
LOPEZ McHUGH, LLP
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 – Fax
*Attorneys for Plaintiffs*

14

## VERIFICATION

I hereby verify that I am counsel for the Plaintiffs herein and the information contained in the foregoing Complaint is true and correct to the best of my knowledge, information and belief. The attached Complaint is based upon information which has been furnished to Plaintiff's counsel and information which has been gathered by counsel in preparation for the prosecution of this lawsuit. The language contained in the Complaint is that of counsel and not of Plaintiff.

I make this verification subject 18 Pa. C.S § 4904, and I understand that the above statements, if false, are subject to the penalties under § 4904, relating to unsworn falsification to authorities.

Date: September 19, 2018

_/s/ Michael S. Katz_
Michael S. Katz
**LOPEZ MCHUGH, LLP**
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 – Fax
_Attorneys for Plaintiffs_

15

Case ID: 180902441

Case ID: 181002874

## CERTIFICATE OF COMPLIANCE WITH 42 PA. CODE § 213.81

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts, 42 Pa. Code § 213.81* that requires filing confidential information and documents differently than non-confidential information and documents.

Submitted By: Lopez McHugh, LLP
Signature: /s/ Michael S. Katz
Name: Michael S. Katz, Esq.
Attorney No. (If applicable): 76119

16

# Exhibit C

**LOPEZ MCHUGH, LLP**
MICHAEL S. KATZ ID. 76119
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112
mkatz@lopezmchugh.com
Telephone: (215) 952-6910
Facsimile: (215) 952-6914
      and of counsel
**ALLEN STEWART P.C.**
ALLEN STEWART ID 92252
SCOTT FRIELING, *PHV*
LEE LESHER, *PHV*
astewart@allenstewart.com
sfrieling@allenstewart.com
llesher@allenstewart.com
325 N. St. Paul Street, Suite 4000
Dallas, TX  75201

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| **KEVIN BROWN and** | : | **IN THE COURT OF COMMON PLEAS** |
| **ERIKA BROWN** | : | **PHILADELPHIA COUNTY** |
| **Plaintiffs,** | : | |
| | : | **OCTOBER TERM 2018** |
| **v.** | : | |
| | : | **NO. 02874** |
| **RITE AID CORPORATION,** | : | |
| **ET AL.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |
| | : | |

### PLAINTFFS' FIRST INTERROGATORIES TO DEFENDANT COMBE INCORPORATED

Plaintiffs, by counsel and pursuant to Pennsylvania Rule of Civil Procedure 4005, hereby requests that you provide written answers under oath to the following interrogatories within thirty (30) days from the date of service.

### DEFINITIONS AND INSTRUCTIONS

In connection with these requests, the following terms mean:

A.    The terms "DOCUMENTS" and/or "DOCUMENTATION" mean and include all written, graphic or otherwise recorded matter however produced or reproduced, including the originals (or any copies when originals are not available) and non-identical copies (where different from the original because notes were made on such copies or because said copies may have been sent to different individuals than originals, or for any other reason) and preliminary or final drafts or writings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means, as well as phonic (such as tape recordings) or visual reproductions of all statements, conversation or events and including, without limitation, correspondence, emails, teletype messages, notes, reports, compilations, schedules, studies, tabulations, tallies, charts, diagrams, plans, pictures, computer runs, advertising and promotional material, press releases, minutes and records of any memoranda of all types, inter-office and inter-office communications, notes of conversations, vouchers, financial calculations and statements, working papers, statistical analyses, invoices, purchase orders, expense account records, stenographers, notebooks, desk calendars, appointment books, diaries, manuals, pamphlets, brochures, escrow instructions, contracts, deeds, agreements, title reports, listings, authorizations, and any abstracts, summaries and analyses of the above, and all other recorded matter of every nature and kind.

B.    The term "YOU", "YOUR", "Defendant Combe", or "Combe" means Defendant COMBE INCORPORATED, and all agents and representatives and all other persons acting on behalf of or purported to act on behalf of COMBE INCORPORATED.

C.    The term "IDENTIFY" or "IDENTIFYING" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

D.     "PERSON" shall refer to any natural person, firm, associate, partnership, corporation or other form of legal business entity.

E.     Please note that you are requested to produce all <u>original</u> documents and all duplicate documents which differ in any way from the original in the categories listed below.

F.     To the extent that full and complete responses to any demand to produce documents herein would require the disclosure of a document which YOU contend to be privileged, YOU are requested to provide a Privilege Log which: (a) identifies such document by date, author and general subject matter; and (b) states the basis of its claim of privilege.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1.** Identify the name, address, and telephone number of each person, regardless of whether YOU intend to have such person testify at trial, known to YOU or YOUR counsel as having knowledge or information of the facts of the case; set forth a summary sufficient to inform Plaintiffs of the important facts known to, or observed by, such person; indicate whether written or recorded statements have been taken from the person; and, indicate who has possession of such written or recorded statements. This Interrogatory is designed to discover the names, addresses, telephone numbers, and potential relevance of all <u>potential</u> witnesses in this case.

**RESPONSE:**


**INTERROGATORY NO. 2.** Identify the names and addresses of all insurance companies which provide YOU insurance coverage, including those companies providing excess coverage, for the claims set forth in Plaintiffs' Second Amended Complaint; as well as, the policy numbers and the amount or amounts of coverage provided in each policy.

**RESPONSE:**



**INTERROGATORY NO. 3.** State YOUR corporate history, including current ownership, any previous sales, acquisitions, mergers, consolidations or similar events at any time since YOUR company's inception.

**RESPONSE:**


**INTERROGATORY NO. 4.** If YOU are now, or ever have been, a member of a trade association state the name of the trade association and the years of YOUR membership.

**RESPONSE:**


**INTERROGATORY NO. 5.** For the time period 1994 to 2008, describe YOUR relationship to the Just For Men – Jet Black hair dyes.

**RESPONSE:**

**INTERROGATORY NO. 6.** If YOU contend that the actions or non-actions of Plaintiff KEVIN BROWN caused or contributed to Plaintiffs' injuries and/or damages claimed in this action, please provide the following:

(a)    A summary of the facts and circumstances which support YOUR contention, including, but not limited to, a description of each action or non-action on the part of Plaintiff KEVIN BROWN that caused or contributed to the injuries and/or damages being claimed by Plaintiffs;

(b)    The names, addresses, and telephone numbers of each person who supports or has knowledge of YOUR contention; and,

(c)    A list of all documents which support YOUR contention.

**RESPONSE:**

**INTERROGATORY NO. 7.** If YOU contend that the actions or non-actions of a person or entity other than Plaintiff KEVIN BROWN caused or contributed to Plaintiffs' injuries and/or damages being claimed by Plaintiffs in this action, please provide the following:

(a)    A summary of the facts and circumstances which support YOUR contention, including, but not limited to, a description of each action or non-action of the person or entity whom YOU contend caused or contributed to the injuries and/or damages being claimed by Plaintiffs;

(b)    The names, addresses, and telephone numbers of each person who supports or has knowledge of YOUR contention; and,

(c)    A list of all documents which support YOUR contention.

**RESPONSE:**

**INTERROGATORY NO. 8.** State the years of manufacture of Just For Men – Jet Black hair dyes, and for each year from 1994 to 2008 detail how and where Just For Men – Jet Black hair dyes were manufactured.

**RESPONSE:**

**INTERROGATORY NO. 9.** List each chemical constituent by year or formulation, whether an intended ingredient or not, contained in Just For Men – Jet Black hair dyes for the years 1994 to 2008.

**RESPONSE:**

**INTERROGATORY NO. 10.** For each year from 1994 to 2008 list the suppliers of each of the raw materials used in the manufacture of Just For Men – Jet Black hair dyes.

**RESPONSE:**

**INTERROGATORY NO. 11.** Identify all records YOU have of sales of Just For Men - Jet Black hair dyes made to each RITE AID and SALLY'S BEAUTY SUPPLY retail store in Philadelphia, Reading, and Wyomissing, Pennsylvania for the years 1994 to 2008.

**RESPONSE:**

**INTERROGATORY NO. 12.** Have YOU ever been informed by anyone that aromatic amines were found in any concentration in any of the raw materials YOU used to manufacture Just For Men - Jet Black hair dyes? If so, please identify when and by whom such information was given.

**RESPONSE:**

**INTERROGATORY NO. 13.** Have YOU or anyone on YOUR behalf performed any testing on the raw materials used to manufacture Just For Men - Jet Black hair dyes to determine the concentration of aromatic amines contained in such raw materials? If so, please identify when such testing was done, by whom, and the results.

**RESPONSE:**

**INTERROGATORY NO. 14.** Have YOU or anyone on YOUR behalf performed any testing on Just For Men - Jet Black hair dyes to determine the concentration of aromatic amines? If so, please identify when such testing was done, by whom, and the results.

**RESPONSE:**

**INTERROGATORY NO. 15.** Have YOU or anyone on YOUR behalf performed any testing or industrial hygiene surveys to determine the levels of exposure to aromatic amines an end user would experience from using Just For Men - Jet Black hair dyes? If so, please identify when such testing was done, by whom, and the results.

**RESPONSE:**

**INTERROGATORY NO. 16.**  Describe when and how YOU first learned that exposure to aromatic amines can increase the risk of bladder cancer.

**RESPONSE:**

**INTERROGATORY NO. 17.**  Identify any warnings (including those required by California Proposition 65), by year of issue, regarding aromatic amines that accompanied the sale or distribution of Just For Men - Jet Black hair dyes including, but not limited to, warnings on container labels and material safety data sheets.

**RESPONSE:**

**INTERROGATORY NO. 18.**  Identify any warnings (including those required by California Proposition 65), by year of issue, regarding cancer that accompanied the sale or distribution of Just For Men - Jet Black hair dyes including, but not limited to, warnings on container labels and material safety data sheets.

**RESPONSE:**

**INTERROGATORY NO. 19.**  Identify each expert witness YOU propose to use as a witness at the trial of the case.  With respect to each such witness, please provide the following:

    (a)    The name, address, and telephone numbers of each expert;

    (b)     Identify the subject matter upon which the expert is expected to testify;

    (c)    State the opinions to which the expert is expected to testify;

    (d)    Furnish a summary of the grounds for each opinion identified in Paragraph (c) and identify all supporting documents for said opinions;

    (e)    Identify all documents and materials of any type YOU have provided to the expert and all documents and materials of any type the expert has provided to YOU; and,

    (f)    Identify all documents and materials of any type the expert has in any way utilized, consulted, or reviewed in the subject action, regardless of whether the documents and materials ultimately formed the basis of the expert's opinions.

**RESPONSE:**

**INTERROGATORY NO. 20.**  Identify, including the name, current address and telephone number, of each or YOUR employees, or former employees, who are most knowledgeable regarding the presence of aromatic amines in Just For Men - Jet Black hair dyes and/or the results

of any testing of the Just For Men - Jet Black hair dyes, or the raw materials contained therein, for aromatic amines.

**RESPONSE:**


**INTERROGATORY NO. 21.** Identify, including the name, current address and telephone number, of each of YOUR employees, or former employees, who are most knowledgeable regarding the carcinogenicity of aromatic amines.

**RESPONSE:**


**INTERROGATORY NO. 22.** Identify, including the name, current address and telephone number, of each of YOUR employee(s), or former employee(s), who are most knowledgeable regarding the sales of Just For Men - Jet Black hair dyes to retail outlets in Philadelphia, Reading, and Wyomissing Pennsylvania for the years 1994 to 2008.

**RESPONSE:**


                                    Respectfully submitted,

                                    Allen Stewart, P.C.


Date: May 6, 2019                   /s/ Scott R. Frieling
                                    Scott R. Frieling
                                    *Attorneys for Plaintiffs*



### CERTIFICATION OF SERVICE

I hereby certify that on this date, May 6, 2019, the foregoing document was served upon the following parties via email and/or First Class US Mail.

Gregory J. Mann, Esq.
Donnelly & Associates
1787 Sentry Parkway West
VEVA 16, Suite 210
Blue Bell, PA 19422
(610) 828-2300
gmann@donnellyandassociates.com
*Counsel for Rite Aid and Rite Aid*

Jonathan Dryer, Esq.
Wilson, Elser, Moskowitz
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 627-6900
jonathan.dryer@wilsonelser.com
*Counsel for Defendant Hoyu*

Susan Valinis
Molly Reilly
Reilly, Janiczek, McDevitt, Henrich &
Cholden, P.C - Philadelphia, PA
One South Penn Square
The Widener Building, Suite 410
Philadelphia, PA 19107- 3400
(215) 972-5200
svalinis@rmhc-law.com
mreilly@rmh-law.com
*Counsel for Defendant Combe Inc*

SALLY BEAUTY COMPANY, INC.
3001 Colorado Blvd
Denton, TX 76210

/s/ Scott R. Frieling
Scott R. Frieling, *Pro Hac Vice*
*Attorney for Plaintiffs*