# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN BROWN,** *et al*.<br><br>**Plaintiffs,**<br><br>v.<br><br>**RITE AID CORPORATION,** *et al*.<br><br>**Defendants.** | CIVIL ACTION NO. 19-2440 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                          December 5, 2019

      Plaintiffs, Kevin and Erika Brown, have moved to remand this case to the Court of Common Pleas of Philadelphia County, Pennsylvania. Because the removal of the action to this Court was procedurally and substantively improper, the motion will be granted.

## I.    BACKGROUND

      The Court will recount the procedural history of the litigation in some detail, as it is relevant to the motion to remand. This is the second suit Plaintiffs have filed alleging that Mr. Brown, a barber, developed bladder cancer from working with hair dyes containing aromatic amines. Plaintiffs first sued Rite Aid Corporation, Rite Aid of Pennsylvania, Inc., Hoyu America Co., Ltd., Sally Beauty Company, Inc., and Combe Incorporated in state court, which Combe then timely removed to this Court, asserting diversity of citizenship (Plaintiffs reside in Georgia; none of the Defendants do).[1] Although the Rite Aid Defendants are citizens of Pennsylvania and therefore could not consent to removal predicated on diversity under the forum defendant rule,[2]

---

[1] *Brown v. Hoyu America Co., Ltd.*, Civil Action No. 18-4096 (E.D. Pa.) (removing Case No. 180902441).

[2] 28 U.S.C. § 1441(b)(1).

Combe effected removal before these Defendants had been served. After removal, Plaintiffs voluntarily dismissed the first case without prejudice.

In October 2018, Plaintiffs filed a new action in state court only against the Rite Aid Defendants, who filed a third-party complaint against the other Defendants two months later.[3] In January 2019, Plaintiffs amended their complaint to name all Defendants. Plaintiffs continued to assert claims under state law and allege, as they had all along, that the hair dye caused Mr. Brown's cancer and that Defendants failed to warn of the dangers. Discovery proceeded in state court and upon receipt of interrogatories served by Plaintiffs on May 6, 2019, that sought the chemical composition of certain hair dyes and information about warning labels, Combe filed a notice of removal on June 5, 2019. The Notice of Removal stated that the "discovery request seeks information in contravention of and exceeding the scope of the federal regulations of the Food and Drug Administration ("FDA")."[4] On July 2, 2019, Combe filed a "Supplemental Notice of Removal," asserting that the ingredients and formulation of the hair dyes are trade secrets protected by patents.[5] On August 1, 2019, the same day Plaintiffs filed the motion to remand, Hoyu, Sally Beauty, and the Rite Aid Defendants filed consents to removal.[6]

## II. STANDARDS OF REVIEW

### A. Removal

A defendant may only remove a civil action from state to federal court if the initial action could have been brought in federal court.[7] "[R]emoval statutes are to be strictly construed

---

[3] *Brown v. Rite Aid Corp.*, No. 181002874 (Phila. Ct. C.P.).

[4] Doc. No. 1 at ¶ 8.

[5] Doc. No. 6 at ¶ 6.

[6] Doc. Nos. 13, 14.

[7] 28 U.S.C. § 1441(a).

against removal and all doubts should be resolved in favor of remand."[8] A proper notice of removal must be filed within 30 days of service of the initial complaint or, if the initial pleading is not removable, within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper."[9] Unless otherwise authorized by statute, "[t]his 30-day time limitation is mandatory and cannot be extended by the court."[10] Additionally, a party may not raise a new and independent ground for removal after the 30-day time limit expires.[11] "Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court."[12]

Defendants seeking removal must properly join a notice of removal, or else the removal is rendered procedurally defective. Proper removal occurs when all defendants communicate unanimous consent to the removal by way of jointly filing a notice of removal or filing separate notices of removal to the court.[13] Each separate notice of removal must be made "clearly" and "unambiguously."[14] Unanimous consent of all defendants cannot come from just one defendant, as "one defendant may not speak for another in filing a notice of removal."[15]

### B. Federal Question Jurisdiction

A case that is removed on the basis of federal question jurisdiction must arise under federal law. When no federal claims are asserted by the plaintiff, the case still may arise under

---

[8] *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

[9] 28 U.S.C. §§ 1446(b)(1) and 1446(b)(3).

[10] *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F. Supp. 528, 529 (E.D. Pa. July 27, 1982).

[11] *Rehman v. Basic Moving*, No. 09-248, 2009 WL 1392149 (W.D. Pa. May 15, 2009); *see also USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.11 (3d Cir. 2003).

[12] *McGuire v. Safeware, Inc.*, No. 13–3746, 2013 WL 5272767, at *1 (E.D. Pa. Sept. 17, 2013).

[13] *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 557 (W.D. Pa. 2015).

[14] *Id*. at 560, 563.

[15] *Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004).

federal law in "a special and small category of cases," if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[16] All of these factors must be met, as "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[17]

Removal of a dispute to federal court also may be appropriate if a federal cause of action completely preempts the state cause of action.[18] The preemption doctrine applies 1) "when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate," or 2) when congressional intent permits "removal despite the plaintiff's exclusive reliance on state law."[19] Even with the presence of a federal statute in a state claim, "state courts have inherent authority [] and are [] presumptively competent [] to adjudicate claims arising under the laws of the United States."[20]

## III. DISCUSSION

### A. The Initial Notice of Removal

Plaintiffs propounded an interrogatory requesting that Combe "[l]ist each chemical constituent by year or formulation, whether an intended ingredient or not, contained in Just For Men – Jet Black hair dyes for the years 1994 to 2008."[21] The Notice of Removal asserts that

---

[16] *Gunn v. Minton*, 568 U.S. 251, 256–59 (2013).

[17] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

[18] *Goepel v. Nat'l Posta Mail Handlers Union*, 36 F.3d 306, 310-11 (3d Cir. 1994).

[19] *Allstate Ins. Co. v. 65 Sec. Plan*, 879 F.2d 90, 93 (3d Cir. 1989).

[20] *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990); *see Giles v. NYLcare Health Plans, Inc.*, 172 F.3d 332 , 339 (5th Cir. 1999) (explaining "state courts, being of equal dignity with federal courts, are equally competent to address that [preemption] defense.").

[21] Ex. C to Notice of Removal.

because FDA regulations do not require the declaration of incidental ingredients,[22] the discovery requests constituted an "other paper" first raising a basis for federal question jurisdiction that triggered a 30-day window for Combe to file a timely notice of removal.

### 1. Timeliness of Removal

As noted above, § 1446(b)(3) permits removal within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper."[23] The "other paper" term has been given an "embracive construction," and discovery, including deposition testimony, interrogatory answers, and responses to requests for admissions may qualify.[24] However, the "other paper" must "effect[] a change rendering a case subject to removal," [25] or in other words, constitute an "unequivocally clear and certain" change in removal status.[26] That is not the case here. The discovery requests did not effect a change in the case's removal status because they contained no new information. To the contrary, the information requested through the discovery requests has been at the heart of the dispute all along. Plaintiffs consistently have alleged that the hair dyes caused Mr. Brown's bladder cancer, and thus the ingredients in the hair dye are not a new issue in the suit. Therefore, even if the case were properly removable on the basis of the FDA regulations, it was removable long before the discovery requests were served.[27] Because the discovery requests did not provide a new basis for removal, removal was untimely.

---

[22] 21 C.F.R. § 701.

[23] 28 U.S.C. §§ 1446(b)(1) and 1446(b)(3).

[24] *Boggs v. Harris*, 226 F. Supp. 3d 475, 489 (W.D. Pa. Dec. 22, 2016); s*ee also Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F. Supp. 2d 428, 432 (E.D. Pa. Jan. 18, 2002).

[25] *Boggs,* 226 F. Supp. 3d at 489.

[26] *Id*. at 490.

[27] *See USX Corp.,* 345 F.3d at 205 n.11.

### 2. Joinder in Removal

Unless otherwise authorized by statute, all Defendants must join in a notice of removal.[28] Defendants "may not speak for another in filing a notice of removal."[29] To ensure proper removal, all defendants must "clearly" and "unambiguously" consent in unanimity, either by jointly filing a notice of removal or filing separate notices of removal to the court.[30] If the removing parties fail to unanimously consent to removal within the mandated 30-day removal window, a "subsequent filing of an untimely notice of consent is of absolutely no moment[] [and] does nothing to cure the defect in the removal procedure."[31]

The Notice of Removal did not state that the other Defendants consented to join Combe's notice of removal in a timely manner. Combe asserts that Rite Aid, Hoyu, and Sally Beauty orally consented to the removal on June 19, 2019, but the record does not "unambiguously" demonstrate consent as of that date, which in any event occurred too late; under Combe's theory that the discovery requests triggered a removal period on May 6, 2019, Defendants would have had to consent to removal no later than June 5, 2019 for the consents to be timely. Defendants did not file a Notice of Consent to Combe's removal until August 1, 2019; such after-filed consents have no effect and cannot not cure procedural defects in the removal process.[32]

### 3. Federal Question Jurisdiction

Even if removal were procedurally proper, there is no basis for federal question jurisdiction in the initial Notice of Removal. Plaintiffs assert only state-law causes of action.

---

[28] 28 U.S.C. § 1446(b)(2)(A).

[29] *Green*, 305 F. Supp. 2d at 450.

[30] *Baldy*, 149 F. Supp. 3d at 557–58.

[31] *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 (D.N.J. Sept. 28, 2012).

[32] *See id.*

Combe contends that the dispute involves an embedded federal question because Plaintiffs seek information protected under FDA regulations and, elaborating in the opposition to the motion to remand, that the Food Drug and Cosmetic Act ("FDCA") specifically references coal-tar hair dyes.[33] However, it takes more than an implication of a federal element to raise a state-law cause of action to a substantial federal issue.[34] Congress prohibits parties from re-characterizing state-law disputes as federal disputes by implicating a federal regulatory scheme.[35] The statutes and regulations cited by Combe do not implicate the question of whether the products caused Mr. Brown's cancer, the central issue in this case.[36]

Removal will "neither advance national uniformity, nor ensure the correct precedential interpretation of federal law."[37] To the contrary, claims such as this one are not subject to removal because "if the federal labeling standard without a [federal] cause of action could get a state claim into federal court, so could any other federal standards without a federal cause of action. And that would [result in] an enormous number of cases."[38] Without a federal cause of action, "preemption by the FDCA [and FDA] is improper because the FDCA [and FDA] [do] not provide civil enforcement remedies."[39] Simply put, "state-law tort and products liability claims regarding [products] regulated by the FDA . . . do not give rise to federal question jurisdiction."[40]

---

[33] The statute states that coal-tar hair dyes are not deemed adulterated if they contain a label warning that the ingredients may cause skin irritation and must not be used for dyeing eyelashes or eyebrows, which could cause blindness. 21 U.S.C. § 361.

[34] *See Pa. Emps. Benefit Trust Fund v. Eli Lilly & Co.*, No. 07-2057, 2007 WL 2916195, at *5 (E.D. Pa. Oct. 5, 2007).

[35] *See id.*

[36] Combe denies that Just For Men hair dye has ever contained carcinogenic aromatic amines. Decl. of Pushpa Rao, Ex. E. to Combe's Opp. Mot. Remand [Doc. No. 9-1].

[37] *Eli Lilly*, 2007 WL 2916195, at *6.

[38] *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005).

[39] *Eli Lilly*, 2007 WL 2916195, at *4.

[40] *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019).

**B.     The Supplemental Notice of Removal**

The Supplemental Notice of Removal contends that the discovery requests implicate Combe's patent rights in the ingredients of the hair dye and therefore provide a basis for removal under 28 U.S.C. § 1454, which provides that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents . . . may be removed . . . by any party; and [] the time limitations contained in section 1446(b) may be extended at any time for cause shown."[41] The Supplemental Notice was improper, as a removal notice may only be amended to correct or clarify imperfect statements, jurisdictional amounts, or imperfect statements of citizenship, not to add additional grounds for removal.[42] The Supplemental Notice also was untimely, for the reasons herein explained, and Combe has not shown any cause for extending the time limitations.

Even if properly filed, the supplemental notice does not provide a basis for removal. To be subject to removal under § 1454, either the complaint or a compulsory counterclaim must allege a patent claim.[43] None exists in this litigation; the resolution of Plaintiffs' claims in no way implicates the validity or infringement of any patent.[44] Moreover, Plaintiffs' claims do not appear to require the "application or interpretation of patent law,"[45] but even if the state courts "must answer a question of patent law to resolve [Plaintiffs' tort] claim, their answer will have no broader effects. It will not stand as binding precedent for any future patent claim; it will not

---

[41] 28 U.S.C. § 1454 (a)-(b).

[42] *See USX Corp.,* 345 F.3d at 205 n.11.

[43] *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015).

[44] *Id.* at 645.

[45] *Sanyo Elec. Co. v. Intel Corp.*, No. 18-1709, 2019 WL 1650067, at *6 (D. Del. Apr. 17, 2019).

even affect the validity of [Combe's] patent." [46] Therefore, there is no substantial federal interest that warrants the exercise of federal jurisdiction.

## IV. CONCLUSION

Because removal of this action was untimely and because there is no basis for federal question jurisdiction, Plaintiffs' motion for remand will be granted. An order will be entered.

---

[46] *Gunn*, 568 U.S. at 264.